# Walton's Estate.

*Clarence L. Mitchell*, for exceptant; *Hugh J. Murtagh*, contra.

GEST, J., May 22, 1931.—The decedent died July 25, 1928, aged about seventy years, leaving a will dated on the day of his death, by which he devised his entire estate to Harry D. Shaiffer, an intimate friend of many years' standing. The will was admitted to probate on August 2, 1928, when letters testamentary were issued to said Harry D. Shaiffer. The decedent left no issue, but was survived by a brother, Albert G. Wassenich, and a sister, Clara W. Perkins. Cora B. Walton claimed to be his widow, and filed a formal election to take against the will, dated December 28, 1928, which was duly recorded and filed. She died on March 5, 1929, a resident of Ohio, and ancillary letters of administration *c. t. a.* were granted on her estate by the register of wills on June 17, 1929. The ancillary administrator, together

with one Dora Wolforth, who alleged that she was the residuary legatee, appealed from the decree of probate of the will, alleging in their petition that the testator was not possessed of testamentary capacity, and that the will was procured by the undue influence of Harry D. Shaiffer and others. The answer denied the allegations of the petition, and also averred that Cora B. Walton was not the wife of the testator. The brother and sister of the testator, though served with the citation, entered no appearance and filed no answers.

It may be conceded that the widow of a testator who died without issue, since December 31, 1917, has a right to contest his will, because, under the Intestate Act, she is given a special allowance of $5000 before the estate of an intestate is divided between her and the collateral heirs. In this case it was denied that Cora B. Walton was the legal wife of the testator, and much testimony was presented on either side; but the Presiding Judge, Lamorelle, P. J., without discussing this question, was of the opinion that neither she, having elected to take against the will, nor the administrator of her estate after her death had any right to appeal from the decree of probate. These questions, although argued by counsel, need not be discussed in this opinion, as the presiding judge heard the testimony produced on numerous days upon the merits of the case, and was clearly of the opinion that the prayer for an issue *devisavit vel non* should be refused and the appeal should be dismissed.

We have examined the voluminous testimony with care, and do not see how it was possible for the presiding judge to arrive at any other conclusion, and his opinion discussed the testimony so fully that we do not consider it necessary to add to what he has said. We agree that the appellant failed to show either lack of testamentary capacity of the testator or undue influence exercised upon him by the appellee.

The will was, in the circumstances of the testator, a natural one for him to make, and the case is quite similar, in some respects, to Llewellyn's Estate, 10 D. & C. 313, affirmed in 296 Pa. 74.

The second, third and sixth exceptions are dismissed *pro forma*, and all the other exceptions are dismissed.